UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------------------------------x

YAN MING WANG,
*on behalf of himself, the proposed FLSA Collective
and Putative Rule 23 Class,*

     Plaintiff,

v.

JESSY CORPORATION
  d/b/a China Buffet;
JOHN DOE CORPORATION
  d/b/a China Buffet,
CHANG QIN LIN a/k/a Jim Lin,
NGAI FAT MEI, and
JOYCE ZHENG

     Defendants.

------------------------------------------------------------x

Case No:

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION COMPLAINT**

Plaintiff YAN MING WANG (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated (the "FLSA Collective"), and on behalf of the members of the proposed Rule 23 Class ("the rule 23 Class") by and through his attorneys, NICHOLS KASTER, PLLP and TROY LAW, PLLC, hereby brings this complaint against Defendants JESSY CORPORATION d/b/a China Buffet, JOHN DOE CORPORATION d/b/a China Buffet, CHANG QIN LIN a/k/a Jim Lin, NGAI FAT MEI and JOYCE ZHENG ("Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and the Minnesota Fair Labor Standards Act (MFLSA), Minn. Stat. §177.21, et seq., and alleges as follows:

1

## **PRELIMINARY STATEMENT**

1. Defendants engaged in illegal pay practices.

2. Defendants regularly failed to compensate Plaintiff and similarly situated employees properly for all overtime hours worked in violation of both the FLSA and the MFLSA.

3. Defendants' pay violations amount to a willful pattern, policy, and practice of unlawful conduct.

4. Plaintiff asserts claims on behalf of himself and other similarly situated non-exempt employees who were or are employed by Defendants and not provided with proper overtime compensation for their overtime hours worked at any time from three years prior to the filing of this Complaint. Plaintiff seeks to represent both an FLSA collective and a Rule 23 Class in prosecuting these claims.

## **PARTIES**

### *Plaintiff*

5. Plaintiff was an adult resident of the State of Minnesota.

6. Plaintiff currently resides in the State of New York.

7. Plaintiff was employed as a cook by Defendant China Buffet, Inc. located at 1770 MADISON AVENUE, MANKATO, MN 56001 during two periods of employment:

   a. The first period lasted from on or about March 27, 2014 to May 10, 2014; and

   b. The second period lasted from on or about October 2, 2014 to September 20, 2015.

### *Corporate Defendants*

8. Defendant JESSY CORPORATION d/b/a China Buffet ("China Buffet") was a

domestic corporation organized in the state of Minnesota with a principal address at 1770 MADISON AVENUE, MANKATO, MN 56001.

9. JESSY CORPORATION d/b/a China Buffet was a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10. JESSY CORPORATION d/b/a China Buffet purchased and handled goods moved in interstate commerce.

11. Defendant JOHN DOE CORPORATION d/b/a China Buffet ("China Buffet") is a domestic corporation organized in the state of Minnesota with a principal address at 1770 MADISON AVENUE, MANKATO, MN 56001.

12. JOHN DOE CORPORATION d/b/a China Buffet is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. JOHN DOE CORPORATION d/b/a China Buffet purchased and handled goods moved in interstate commerce.

14. China Buffet employed Plaintiff and similarly-situated employees.

*Owner/Operator Defendants*

15. Owner/ Operator Defendant CHANG QIN LIN a/k/a Jim Lin, known as "Boss" to Plaintiff YAN MING WANG, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JESSY CORPORATION d/b/a China Buffet and JOHN DOE CORPORATION d/b/a China Buffet.

16. Owner/ Operator Defendant CHANG QIN LIN a/k/a Jim Lin was the point of contact for Plaintiff YAN MING WANG when he applied for employment with the employment

3

agency MIN DU EMPLOYMENT AGENCY, INC. at 1 Eldridge Street, New York, NY 10002 on March 14, 2014.

17. Owner/ Operator CHANG QIN LIN a/k/a Jim Lin interviewed and hired Plaintiff YAN MIN WANG during his first work period with Defendants from March 27, 2014 to May 10, 2014.

18. Owner/ Operator CHANG QIN LIN a/k/a Jim Lin re-hired Plaintiff YAN MING WANG during his second work period with Defendants from October 2, 2014 to September 20, 2015.

19. Owner/ Operator CHANG QIN LIN a/k/a Jim Lin fired Plaintiff YAN MING WANG on September 20, 2015.

20. Owner/ Operator CHANG QIN LIN a/k/a Jim Lin was an active manager who was involved in the day-to-day operations of the restaurant.

21. Owner/ Operator CHANG QIN LIN a/k/a Jim Lin is an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, and is jointly and severally liable with JESSY CORPORATION d/b/a China Buffet and JOHN DOE CORPORATION d/b/a China Buffet.

22. Owner/ Operator Defendant NGAI FAT MEI, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JESSY CORPORATION d/b/a China Buffet and JOHN DOE CORPORATION d/b/a China Buffet.

23. Owner/ Operator NGAI FAT MEI is an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, and is jointly and severally liable with China

4

Buffet.

24. Owner/ Operator Defendant JOYCE ZHENG, known as "Lady Boss" to Plaintiff (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JESSY CORPORATION d/b/a China Buffet and JOHN DOE CORPORATION d/b/a China Buffet.

25. Upon personal knowledge of Plaintiff YAN MING WANG, JOYCE ZHENG is the wife of CHANG QIN LIN a/k/a Jim Lin.

26. Owner/ Operator JOYCE ZHENG was an active manager who was involved in the day-to-day operations of the restaurant.

27. When Plaintiff YAN MING WANG first applied for his job at China Buffet, both the store phone number and Owner/ Operator JOYCE ZHENG's cellular phone numbers were listed.

28. Owner/ Operator JOYCE ZHENG is an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, and is jointly and severally liable with China Buffet.

## JURISDICTION AND VENUE

29. This court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §1331, and has supplemental jurisdiction over Minnesota state law claims pursuant to 28 U.S.C. §1367(a).

30. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and the acts and omissions giving rise to the claims herein alleged took place in this district.

## STATEMENT OF FACTS

31. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

32. Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

33. Plaintiff and similarly-situated employees work or worked for Defendants during the past three years.

34. Defendants suffer and permit Plaintiff and similarly situated employees to regularly work overtime hours without paying them proper overtime compensation for all of their hours worked.

35. For example, Plaintiff's regular work schedule was as follows:

    a. From approximately 09:45 to 22:00 for twelve and one quarter (12.25) hours a day on Monday, Wednesday, Thursday, and Sunday, for forty nine (49.00) hours per week;

    b. From approximately 10:45 to 23:00 for twelve and one quarter (12.25) hours a day on Friday and Saturday, accounting for twenty-four and a half (24.5) hours per week.

36. Plaintiff therefore worked approximately seventy-three and half (73.5) hours per week during the relevant period.

37. From on or about March 27, 2014 to May 10, 2014, Plaintiff was paid a flat monthly rate of two thousand eight hundred dollars ($2800).

38. Upon his return to China Buffet on October 2, 2014, Plaintiff was paid a flat monthly rate of two thousand, nine hundred dollars ($2900) until November 30, 2014.

39. From on or about December 1, 2014 to March 30, 2015, Plaintiff was paid a flat monthly rate of three thousand dollars ($3000).

40. From on or about April 1, 2015 to July 31, 2015, Plaintiff was paid a flat monthly rate of three thousand, one hundred dollars ($3100).

41. From on or about August 1, 2015 to September 30, 2015, Plaintiff was paid a flat monthly rate of three thousand, two hundred dollars ($3200).

42. Plaintiff was not given a fixed time for lunch or dinner.

43. Plaintiff was not given any fixed breaks.

44. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all of his overtime hours worked in a given workweek.

45. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

46. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

48. Plaintiff brings this action individually and as class representative on behalf of all other current and former non-exempt servers and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "FLSA Collective").

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings his Minnesota state law claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of himself and all non-exempt personnel, including but not limited to servers and kitchen staff, employed by Defendants at any time three years before the filing of the Complaint through the entry of judgment (the "Class Period").

50. All said persons, including Plaintiff, are referred to herein as the "the Rule 23 Class."

51. The Rule 23 Class members are readily ascertainable. The number and identity of the Rule 23 Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Rule 23 Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

52. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

53. There are questions of law and fact common to the Rule 23 Class which predominate over any questions affecting only individual class members, including:

  a. Whether Defendants violated Minnesota law for failure to pay all overtime wages at one-and-one-half times the regular rate of pay for each hour worked over forty-eight (48) during a workweek;

  b. Whether Defendants maintained accurate records of the hours the Rule 23 Class members worked;

  c. The proper measure of calculation of damages; and

  d. Whether Defendants' actions were willful or in good faith;

*Typicality*

54. Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Rule 23 Class in separate actions. All the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Rule 23 Class member. Plaintiff and other Rule 23 Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

55. Plaintiff will fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiffs in both collective and class action and wage and hour employment litigation cases.

*Superiority*

56. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

## COUNT I

**FEDERAL OVERTIME**
**(Fair labor Standards Act, 29 U.S.C. § 201, et seq.)**
*On Behalf of Plaintiff and the FLSA Collective*

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. The FLSA requires that employers pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  29 U.S.C. § 207.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

60. Defendants are an "enterprise" within the meaning of 29 U.S.C. § 2062(r)(1), and are engaged in commerce within the meaning of the FLSA § 203(b),(s)(1).

61. Plaintiff and the FLSA Collective qualify as non-exempt covered employees

during the relevant time period. 29 U.S.C. § 203(e)(1).

62. Defendants knew or should have known that Plaintiff and the FLSA Collective worked overtime without proper compensation, and willfully failed to pay Plaintiff and the FLSA Collective wages at the required overtime rates established by 29 U.S.C. § 255.

63. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

64. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and FLSA Collective at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and FLSA Collective.

## COUNT II
**MINNESOTA OVERTIME**
**(MFLSA, Minn. Stat. § 177.21, et seq.)**
*On Behalf of Plaintiff and the Rule 23 Class*

65. Plaintiff, individually and on behalf of the Rule 23 Class, incorporates the above paragraphs by reference as if fully set forth herein.

66. The MFLSA requires employers to pay their employees no less than one and one-half times their regular hourly rate of pay for all hours worked in excess of forty-eight (48) during a workweek. Minn. Stat. §177.25.

67. Plaintiff and the Rule 23 Class qualified as non-exempt covered employees during the relevant time period. MFLSA, Minn. Stat. §§ 177.23 and 177.24.

68. Plaintiff and the Rule 23 Class worked more than forty-eight (48) hours per week

for Defendants, but Defendants did not properly compensate Plaintiff and the Rule 23 Class with an overtime premium as required by the MFLSA.

69. Defendants knew or should have known that Plaintiff and the Rule 23 Class worked overtime without proper compensation and it willfully failed and refused to pay Plaintiff and the Rule 23 Class wages at the required overtime rates. *See* Minn. Stat. § 541.07.

70. Defendants' willful failure to pay Plaintiff and the Rule 23 Class for overtime worked violates the MFLSA.

71. As a direct and proximate result of these unlawful practices, Plaintiff and the Rule 23 Class suffered and continue to suffer wage loss and are entitled to recover unpaid back wages for up to three years prior to the filing of the Complaint, liquidated damages or prejudgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Certification of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Rule 23 Class and the appointment of Plaintiff Wang as Class Representative and his counsel as Class Counsel;

    c)      Judgment against Defendants finding that the practices complained of herein are unlawful under the FLSA and MFLSA;

    d)      An award of unpaid back wages due under FLSA and MFLSA due Plaintiff and the FLSA Collective and Rule 23 Class members; and

    e)      An award of liquidated damages, pre and post judgment interests, attorneys' fees and costs incurred in prosecuting this action, civil penalties and/or other available and further relief that the Court deems just and equitable.

Dated: November 9, 2017

NICHOLS KASTER, PLLP

s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
Paige C. Fishman, MN Bar No. 398359
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 338-4878
Email: srey@nka.com
       pfishman@nka.com

TROY LAW, PLLC

/s/ John Troy
John Troy (JT0481) (N.Y. State Bar # 2278968)*
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
Email: johntroy@troypllc.com

*Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*

\* to be admitted pro hac vice