**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

------------------------------------------------------------ x

YAN MING WANG,
*on behalf of himself, the proposed FLSA Collective*
*and Putative Rule 23 Class*,

                                    Plaintiff,          Case No. 0:17-cv-05069-JRT-HB

                 v.

JESSY CORPORATION
        d/b/a China Buffet,
JOHN DOE CORPORATION
        d/b/a China Buffet,
CHANG QIN LIN
        a/k/a Jim Lin,
NGAI FAT MEI, and
JOYCE ZHENG,

                             Defendants.

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE**

**INTRODUCTION**

      Plaintiffs Yan Ming Wang and Mei Rong Sun worked for Defendants Jessy

Corporation d/b/a China Buffet, John Doe Corporation d/b/a China Buffet, Chang Qin

Lin a/k/a Jim Lin, Ngai Fat Mei, and Joyce Zheng (collectively "Defendants" or "China

Buffet") as restaurant workers.  They allege that Defendants improperly denied them and

other similarly situated restaurant workers overtime in violation of the federal Fair Labor

Standards Act, 29 U.S.C. § 207, et seq.  Through the instant motion, pursuant to the

FLSA's well-established noticed standards and Section 216(b), Plaintiffs seek to notify

other similarly situated restaurant workers of their right to join this collective action.

Regardless of their specific job titles, China Buffet's employees performed similar

restaurant work including cooking or helping in the kitchen, washing dishes, and/or

waiting tables, were compensated in the same manner, by flat monthly rates. Despite the

fact that they routinely worked well in excess of forty hours per week, China Buffet's

employees were denied proper overtime pay.

As described in more detail below, Plaintiffs have met their "lenient" burden of

showing that these workers are similarly situated. Accordingly, Plaintiffs request that the

Court conditionally certifying this case and order China Buffet to produce, within 15 days

of the Court's order, a list of current and former employees of China Buffet, who

performed work as non-exempt, non-managerial restaurant workers from November 9,

2014 to the present, including their (1) names, (2) last known mailing addresses, (3)  last

known telephone numbers, (4) employee identification numbers, if any, (5) dates of work,

(6) job titles, and (7) last four digits of their social security numbers. Plaintiffs request

approval of the notice attached as Exhibit 3 and the consent form attached as Exhibit 4.

Plaintiffs request permission to send notice in the following manner:

- A sixty (60) day opt-in period;

- Plaintiffs' counsel mailing the notice, in English and Mandarin, by first-class U.S. Mail to the last known address of each eligible class member;

- Defendants posting a copy of the notice, in English and Mandarin, in a conspicuous place in the premises of China Buffet, 1770 Madison Avenue, Mankato, MN 56001, for not less than sixty (60) days; and

- Publication in a Mandarin-language newspaper of Plaintiffs' counsel's choosing and at Defendants' expense should more than 20% of the notices be returned as undeliverable with no forwarding address.

  For all the reasons set forth herein, Plaintiffs' motion should be granted.

## FACTUAL BACKGROUND

### I. PROCEDURAL HISTORY

This case is still in its early stages. Plaintiff Yan Ming Wang, a cook at Defendants' restaurant, filed this putative FLSA collective action against Defendants on November 9, 2017, to recover unpaid overtime wages on behalf of himself and all other similarly-situated individuals. (Dkt. No. 1). He alleges that Defendants violated the FLSA by denying him and all other workers at their restaurant overtime premiums for hours worked over 40 in a workweek. (*Id.* ¶¶ 57–64). One other restaurant worker, a cold dish worker and waitress named Mei Rong Sun, has joined the case as an opt-in Plaintiff. (Dkt. No. 20).

Defendants filed their Answer on December 29, 2017. (Dkt. No. 11). The parties' Rule 16 conference was held on March 15, 2018. (Dkt. No. 19). The parties were to provide a schedule for conducting fact discovery within 14 days of the Court's ruling on the Plaintiffs' motion for conditional collective certification. (*Id.* at *3). As such, fact discovery has not yet begun. Fact discovery is scheduled to conclude 120 days after the date of the Court's ruling on Plaintiffs' motion for conditional collective certification. (*Id.*).

### II. THE PARTIES

Plaintiff Yanming Wang is a resident of California. (Exhibit 1 ¶ 1). He worked for China Buffet from approximately March 2014 to May 10, 2014, and from October 2, 2014 to September 20, 2015, as a cook. (*Id.* ¶ 3). During his employment with China Buffet, he regularly worked in excess of 75 hours per week, without receiving overtime

pay. (*Id.* ¶¶ 6, 12–17).

Plaintiff Mei Rong Sun is a resident of Colorado. (Exhibit 2 ¶ 1). She worked for China Buffet from approximately September 30, 2014 to September 15, 2015 as a cold dish worker and waitress (*Id.* ¶ 4). During her employment with China Buffet, she regularly worked in excess of 75 hours per week, without receiving overtime pay. (*Id.* ¶¶ 9, 16–17).

Defendants Jessy Corporation and John Doe Corporation were and are Minnesota corporations with headquarters in Minnesota. (Dkt. No. 1 ¶¶ 8, 11). Jessy Corporation and John Doe Corporation operated and operate a Chinese Buffet restaurant located at 1770 Madison Avenue, Mankato, MN 56001. (*Id.*).

### III.    PLAINTIFFS AND THE SIMILARLY SITUATED RESTAURANT WORKERS

Plaintiffs and the similarly situated individuals work or have worked for China Buffet as restaurant workers as cooks, dishwashers, kitchen helpers, cold dish workers, and servers. (*See* Exhibit 1 ¶ 10, and Exhibit 2 ¶ 14). Regardless of their particular job titles, China Buffet's restaurant workers all live together in a company dormitory, are all driven to and from work by the "boss," Chang Qin Lin at the same time in the same van, all have the same working schedule, and are all paid in cash on the same payday. (*See* Exhibit 1 ¶¶ 9, 10, 19 and Exhibit 2 ¶¶ 13, 14, 19). Both Plaintiffs were paid flat monthly rates without being paid overtime. (*See* Exhibit 1 ¶¶ 12–16 and Exhibit 2 ¶¶ 16–17). Each plaintiff has spoken with their roommate in the company dormitory about their pay, and their roommates have told them that they were also paid flat monthly rates without being paid overtime. (*See* Exhibit 1 ¶ 21 and Exhibit 2 ¶ 20). Plaintiff Wang's roommate was a

cook, like Plaintiff Wang; Plaintiff Sun's roommate was a waitress, like Plaintiff Sun.

(*See* Exhibit 1 ¶ 10 and Exhibit 2 ¶ 14).

## **ARGUMENT**

### I.   **FLSA CONDITIONAL COLLECTIVE CERTIFICATION IS APPROPRIATE**

Plaintiffs seek conditional certification of a collective pursuant to 29 U.S.C. §

216(b). Specifically, Plaintiffs seek certification of the following collective:

> **All current and former employees of Jessy Corporation d/b/a China Buffet, John Doe Corporation d/b/a China Buffet, Chang Qin Lin a/k/a Jim Lin, Ngai Fat Mei, and Joyce Zheng (collectively "Defendants" or "China Buffet"), who performed work as non-exempt, non-managerial restaurant workers from November 9, 2014 to the present.**

(*See, e.g.*, Exhibit 3 at *2).

#### A.   **THE PURPOSE OF FLSA COLLECTIVE ACTIONS AND COURT-AUTHORIZED NOTICE**

Under the FLSA, an action for unpaid overtime wages may be maintained "by any

one or more employees" individually, and on behalf of any other employees who are

"similarly situated." 29 U.S.C. § 216(b). Unlike a traditional Rule 23 class, "[n]o

employee shall be a party plaintiff to any such action unless he gives his consent in

writing to become such a party and such consent is filed in the court in which such action

is brought." *Id.* The opt-in collective action mechanism serves the dual purpose of

lowering litigation costs for individual plaintiffs and decreasing the burden on the courts,

through "efficient resolution in one proceeding of common issues of law and fact arising

from the same alleged discriminatory activity." *Hoffmann-La Roche, Inc. v. Sperling*, 493

U.S. 165, 170 (1989).

This distinct "opt-in" structure of § 216(b) also heightens the need for employees to "receiv[e] accurate and timely notice concerning the pendency of the collective action[.]" *Id.* Because each employee's statute of limitations continues to run until the filing of their written consent, it is imperative that a motion for conditional certification be filed and decided early in litigation, prior to a determination of the case on the merits. *See, e.g.*, *Kalish v. High Tech. Inst.*, 2005 WL 1073645, at *3 & n.1 (D. Minn. Apr. 22, 2005) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).

## B. THE STANDARD FOR FLSA CONDITIONAL CERTIFICATION IS "FAIRLY LENIENT" AT THIS NOTICE STAGE

"The fundamental inquiry in determining whether a collective action is appropriate under § 216(b) is whether plaintiffs are similarly situated." *Simmons v. Valspar Corp.*, 2011 WL 1363988, at *2 (D. Minn. Apr. 11, 2011); *accord Shoots v. iQor Holdings US Inc.*, 2015 WL 6150862, at *16 (D. Minn. Oct. 19, 2015). Neither the FLSA nor its accompanying regulations, however, define "similarly situated," and the circuit courts provide little guidance. *Kalish*, 2005 WL 1073645, at *1 (citing *Thiessen v. Gen Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). This Court, like most others, has adopted an *ad hoc* two-stage approach to certification. *See id.*; Shoots v. iQor Holdings US Inc., 2015 WL 6150862, at * 16 (D. Minn. Oct. 19, 2015); *Jennings v. Cellco P'ship*, 2012 WL 2568146, at *3 (D. Minn. July 2, 2012); *Valspar*, 2011 WL 1363988 at *3; *Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007).

The first stage also known asthe notice stage, typically comes early in litigation before the parties have completed discovery. *Loomis v. CUSA LLC,* 257 F.R.D. 674, 676

(D. Minn. 2009); *Brennan v. Qwest Commc'ns Int'l, Inc.*, 2008 WL 819773, at *3 (D.

Minn. Mar. 25, 2008) (finding the case to be at the notice stage "[b]ecause the parties

have not completed discovery"); *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d

1010, 1017 (D. Minn. 2007). At this stage the "plaintiffs need only establish a colorable

basis for their claim that the putative class members were the victims of a single decision,

policy, or plan." *Meseck v. TAK Commc'ns*, 2011 WL 1190579, at *3 (D. Minn. Mar. 28,

2011) (quoting *Burch*, 500 F. Supp. 2d 1181 at 1186). The burden "is not onerous."

*Valspar*, 2011 WL 1363988, at *3 (quoting *Dominquez v. Minn. Beef Indus., Inc.*, 2007

WL 2422837, at *2 (D. Minn. Aug. 21, 2007)). Courts generally rely on pleadings and

affidavits submitted by plaintiffs when deciding whether to grant conditional certification.

*Dege v. Hutchinson Tech., Inc.*, 2007 WL 586787, at *2 (D. Minn. Feb. 22, 2007)

("Plaintiffs' affidavits establish a colorable basis for their claim that putative class

members were victims of a common practice of not compensating employees[.]").

"Because the [c]ourt has minimal evidence, this determination is made using a fairly

lenient standard." *Knaak v. Armour-Eckrich Meats, LLC*, 991 F. Supp. 2d 1052, 1059 (D.

Minn. 2014) (citation omitted).

Here, the first-stage analysis is appropriate. The parties have only recently started

discovery, and no depositions have occurred. (Dkt. No. 19 at *3). The "fairly lenient"

standard applies. *See Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1087–88 (D. Minn.

2014) (declining to apply more stringent standard at the initial stage because "extensive

discovery ha[d] not taken place…."); *Brennan*, 2008 WL 819773, at *3; *Lyons v.

Ameriprise Fin., Inc.*, 2010 WL 3733565, at *3 (D. Minn. Sept. 20, 2010) (applying the

notice standard for certification "[e]ven in cases where the parties have engaged in some discovery").

### C. PLAINTIFFS EASILY MEET THE LENIENT STANDARD

Plaintiffs easily meet their burden of proving that they are similarly situated to the putative collective:

First, Defendants' restaurant workers performed similar restaurant duties including cooking or helping in the kitchen, washing dishes and/or waiting tables.

Second, Defendants' restaurant workers all worked the same hours per week as one another as a result of being shuttled together to and from the restaurant. This was true regardless of their specific job title or duties within the restaurant.

Third, Defendants' restaurant workers shared the same general pay structure: flat monthly rates of pay, paid in cash on the last day of each month by the boss in an envelope to an employee's room in the company dormitory. During the timeframe relevant to this case, Defendants paid their restaurant workers a flat monthly rate, with no extra pay for overtime when they worked over 40 hours per week.

Fourth, all restaurant workers were subject to Defendant's practice of not keeping track of the employees' hours worked.

Based on the declarations Plaintiffs have provided and other evidence demonstrating that China Buffet's restaurant workers performed similar work, worked the same hours, under the same pay structure, and were uniformly denied overtime pay, this Court should grant conditional certification and authorize notice to all restaurant workers.

## II. PLAINTIFFS' PROPOSED NOTICE IS ACCURATE, INFORMATIVE, AND SATISFIES THE REQUIREMENTS OF SECTION 216(b)

Court-authorized notice of a collective action under § 216(b) must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs proposed notice meets these requirements by providing employees with an accurate description of this lawsuit, their legal rights, and the process for participating in the case. (*See* Exhibit 3).

The notice should also be disseminated in the following manner:

- A sixty (60) day opt-in period;[1]

- Plaintiffs' counsel mailing the notice, in English and Mandarin, by first-class U.S. Mail to the last known address of each eligible class member;

- Defendants posting a copy of the notice, in English and Mandarin, in a conspicuous place in the premises of China Buffet, 1770 Madison Avenue, Mankato, MN 56001, for not less than sixty (60) days; and

- Publication in a Mandarin-language newspaper of Plaintiffs' counsel's choosing and at Defendants' expense should more than 20% of the notices be returned as undeliverable with no forwarding address.

Plaintiffs' proposed judicial notice and distribution method achieves the goal of providing employees accurate and timely notice concerning the pendency of this action without taking sides on the merits and should be approved. *See Hoffmann-La Roche*, 493 U.S. at 172, 174 (explaining that employees should receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," and that notice should "respect judicial

---

[1] Plaintiffs' request for a sixty-day opt-in period is reasonable. *See, e.g.*, *Shoots*, 2015 WL 6150862, at *22 (approving a 60-day opt-in period). Courts commonly approve even longer periods. *Chin*, 57 F. Supp. 3d at 1095 (90-day opt-in period); *Jennings*, 2012 WL 2568146, at *6 (same); *Rebischke v. Tile Shop, LLC*, 2015 WL 321667, at *5 (D. Minn. Jan. 26, 2015) (same).

neutrality… tak[ing] care to avoid even the appearance of judicial endorsement of the merits of the action.").

.

### A.  ISSUING NOTICE BY U.S. MAIL AND POSTING WILL ENSURE THAT ALL PUTATIVE PLAINTIFFS RECEIVE TIMELY NOTICE

In addition to approving dissemination of the notice by U.S. Mail, this Court should authorize notice to be posted at Defendants' restaurant. Issuance of notice through these methods will ensure that all potential collective members are reached as soon as possible, allowing them to make the informed decision contemplated by the Supreme Court in *Hoffman-La Roche*. Posting at the restaurant in addition to U.S. Mail is the best way to ensure receipt. *See Shoots*, 2015 WL 6150862, at *22 (noting that notice in multiple forms "advances the remedial purpose of the FLSA by increasing the likelihood that all potential opt-in plaintiffs will receive notice"); *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 582–83 (D. Minn. 2014) (permitting plaintiff to email and mail judicial notice); *Chin*, 57 F. Supp. 3d at 1094 (authorizing notice to be posted). *Ortiz-Alvarado v. Gomez*, 2014 U.S. Dist. LEXIS 112036, at *17 (ordering Defendants to post notice in their restaurants "given the difficulty in reaching potential class [sic.] members through the mail");

For much the same reason, the difficulty of reaching potential collective members through the mail and the difficulty of reaching former employees at the restaurant,[2] the Court should allow Plaintiffs the option to publish an abbreviated form of the notice in a

---

[2] Both named Plaintiffs moved far afield from Minnesota after leaving Defendants' employ: Plaintiff Wang to California and Plaintiff Sun to Colorado.

Chinese-language newspaper. Due to the expense of this method of notice, Plaintiffs do not ask for leave to publish at this time, but ask that they be granted leave to publish should more than 20% of the direct-mailed notices be returned as undeliverable, with no forwarding address. Plaintiffs request that should they need to make this application, that Defendants be required to pay the cost of publication. Courts frequently order notice publication, either at Plaintiffs' or at Defendants' expense depending on the circumstances. *See Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS 35451, at *46 (E.D.N.Y. April 9, 2010) (ordering Defendants to bear the cost of notice publication if "a significant number of additional plaintiffs are identified as a result of the notice.").

### B.  PRODUCTION OF A LIST OF PUTATIVE PLAINTIFFS IS NECESSARY TO FACILITATE NOTICE

Finally, prompt disclosure of the names and contact information for the putative plaintiffs is necessary for Plaintiffs to provide those individuals with notice of the action. *See Hoffmann-La Roche*, 493 U.S. at 170; *see also Shoots*, 2015 WL 6150862, at *23; *Edwards v. Multiband Corp.*, 2011 WL 117232, at *5 (D. Minn. Jan. 13, 2011). Accordingly, Plaintiffs request that, in addition to granting conditional certification and approving Plaintiffs' notice language and process, the Court order Defendants to produce within fifteen days of the order Microsoft Excel (.xlsx) file containing a list of all putative plaintiffs from three years prior to the filing of the Complaint, including their: their (1) names, (2) last known mailing addresses, (3) last known telephone numbers, (4) employee identification numbers, if any, (5) dates of work, (6) job titles, and (7) last four

digits of their social security numbers.[3]

## CONCLUSION

With the case still in its early stages, Plaintiffs have met their burden of showing that China Buffet's restaurant workers are similarly situated, and that they should be provided with court-authorized notice of this lawsuit. Accordingly, Plaintiffs respectfully request that the Court grant their motion.

Dated: June 15, 2018

<div style="margin-left:40%">

Respectfully submitted,
NICHOLS KASTER, PLLP

/s/ Rachhana T.Srey
Rachhana T. Srey, MN Bar No. 340133
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Tel: (612) 256-3200
srey@nka.com

*and*
TROY LAW, PLLC

 /s/ John Troy
John Troy (admitted *pro hac vice*)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com

*Attorneys for the Plaintiffs, the proposed FLSA Collective, and the potential Rule 23 Class*

</div>

---

[3] Partial social security numbers are needed because, for some employees, contact information will likely be outdated. Partial social security numbers will help in obtaining current contact information for putative plaintiffs.