**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

YAN MING WANG,
Plaintiff,

v.

JESSY CORPORATION, et al.,

Defendants.

Case No:17-cv-05069-JRT-HB

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

---

## INTRODUCTION

Plaintiff asks the Court to exercise its discretion to conditionally certify a class for his claim for unpaid overtime, arguing that his flat-rate monthly payment and room-and-board agreement with Defendants violated his right to overtime pay. Plaintiff does not contend and has not proffered evidence that he was an hourly-rate employee, and has not identified anybody who wishes to opt into this litigation, which is required by law.

Plaintiff has been provided names and contact information of all of Defendants' employees for the past 5 years, and Plaintiff, through counsel, has sent notice letters to these individuals advising them of this litigation. No current or former employees of Defendant China Buffet have opted in to this litigation. Instead, Plaintiff presents an opt-in for his former girlfriend, Ms. Sun, who lived with Plaintiff in Mankato, MN. Plaintiff

and Ms. Sun were the only individuals to have worked at China Buffet, and who failed or refused to provide their tax payer information and identification.

Federal Courts in this District have refused to certify a conditional collective action, when a Plaintiff has failed, as in the case at bar, to demonstrate that there is a definable class, or has failed to identify any employees willing or interested in opting in to the litigation. Plaintiff's failure to meet the basic elements for collateral class certification, should lead to denial of his motion by this Court. Neither the remedial purposes of the FLSA, nor the interests of judicial economy would be advanced based on the facts presented at bar, which clearly demonstrate that this matter is not proper to proceed as a collective action.

## **FACTS**

In support of his motion for certification, Plaintiff Yan Ming Wang ("Wang") claims that he has identified one (1) other person interested in opting into this litigation as a plaintiff, Ms. Mei Rong Sun ("Sun"). Plaintiff Wang introduced Sun as his romantic partner, after Wang's divorce from his wife, and requested that she be allowed to work for Defendants. (Lin Affidavit, ¶5). Plaintiff Wang never produced the necessary tax identification or social security information for Defendants. (Lin Affidavit, ¶6). Ms. Sun never produced the necessary tax identification or social security information for

Defendants. (Lin Affidavit, ¶7). Plaintiff Wang and Ms. Sun are the only two individuals who have worked for Defendant in the last five (5) years who were unable or unwilling to provide the necessary tax identification or social security information for Defendants. (Lin Affidavit, ¶8). All of the other employees that Defendants have had working at the restaurant in the last five (5) years have been issued W-2 statements. (Lin Affidavit, ¶9)

In the initial disclosures made by Plaintiff to Defendants on April 16, 2018, Plaintiff Wang and his counsel identified only Plaintiff as a person with knowledge of the facts relating to this case. (See Lin Affidavit, Exhibit A). In support of their motion for class certification, however, Plaintiff submits an affidavit purporting to identify six (6) other individuals whom he claims are similarly situated to him. See Affidavit of Wang, p. 2, ¶10. Also in support of their motion, Plaintiff submits the affidavit of Sun purporting to identify seven (7) individuals whom she claims are similarly situated to her and Wang. See Affidavit of Sun, p. 2, ¶14. All six of the individuals identified in Wang's affidavit are the same individuals contained in Sun's affidavit, and in truth, there are only seven individuals in total identified. Only two of those individuals are identified by first and last name: Wen Zengh and Yongqun Zhu.

Defendants provided full contact information for Wen Zengh to Plaintiff in their initial disclosures in April, and there is no evidence that this individual wishes to opt in. Wen Zengh is a W-2 employee, and his W-2 has been provided to Plaintiff. The remaining individuals are identified by Plaintiff and Sun in their affidavits by last name

and build and approximate age, and one of the individuals identified is a person with an unknown name.

In Defendants' initial disclosures to Plaintiff served on April 16, 2018, Defendant provided current addresses and telephone numbers for seventeen (17) current and former employees. See Affidavit of Lin, Exhibit B.

Subsequent to the initial disclosures, Plaintiff has also served discovery in order to identify their purported "class", including 12 interrogatories and 12 document requests. Defendants responded to those interrogatories and document production requests on April 27, 2018, providing also in excess of 600 pages of documents, including four years' worth of W-2s for all employees, payroll journals by employee, corporate state and federal tax returns, and bank statements.

Plaintiff has already sent letters to all of the known current and former employees of Defendants, describing the claims made against Defendants, stating that they "may be entitled to recover back pay," and requesting contact in order to "make a claim for unpaid overtime wages." See Affidavit of Lin, Exhibit C. Plaintiff and his counsel have been in possession of all the contact information, addresses and telephone numbers, for all the employees of Defendants, as well as detailed logs of payments, W-2s and corporate tax records, for two months. Plaintiff has not identified or produced any additional employee of China Buffet interested in opting into Plaintiff's litigation other than his former romantic partner, Sun.

Defendants are a small Chinese Buffet restaurant located in Mankato, Minnesota; there are no franchises or additional store-front operations, and the business is limited to the one location and less than ten employees. See Affidavit of Lin, ¶20.

## LEGAL ARGUMENT AND AUTHORITY

### I. Standard of Review

The FLSA provides that an action may be maintained "by any ... employee [ ] for and in behalf of himself ... and other employees similarly situated" to recover damages for the failure to pay overtime. 29 U.S.C. § 216(b). Such an action is known as a "collective action." *E.g., Harkins v. Riverboat Servs., Inc.,* 385 F.3d 1099, 1101 (7th Cir.2004); *Smith v. Heartland Auto. Servs., Inc.,* 404 F.Supp.2d 1144, 1149 (D.Minn.2005) (Kyle, J.).

An FLSA "collective action" differs from a class action under Federal Rule of Civil Procedure 23. In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly "opts out" of the class. By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 536 (8th Cir.1975); *Heartland,* 404 F.Supp.2d at 1149. Courts may facilitate this opt-in

process by "authorizing the named Plaintiffs ... to transmit a notice [of the lawsuit] to potential class members." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007); citing *West v. Border Foods, Inc.,*Civ. No. 05–2525, 2006 WL 1892527, at *2 (D.Minn. 2006) (Frank, J., adopting Report and Recommendation of Erickson, M.J.).

The power to authorize notice, however, "is to be exercised only in 'appropriate cases,' and remains within the discretion of the district court." *Parker v. Rowland,* 492 F. Supp. 2d, at 1163 (quoting *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D.Minn.1991)). "For a district court to authorize such notice, the named plaintiffs must first show that they are similarly situated to the employees whom they seek to represent." *Parker v. Rowland* at 1163; citing *Heartland,* 404 F.Supp.2d at 1149. Because the FLSA does not define the term "similarly situated," courts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs, which has been expressly adopted by Minnesota District Courts, as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally

> certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action [then] proceeds as a [collective] action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Parker v. Rowland*, 492 F. Supp. 2d at 1164; citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir.2001). For purposes of the first stage, the "plaintiffs need only establish at that time a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 577 (D. Minn. 2014).

"Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." *Heartland,* 404 F.Supp.2d at 1149 (citation omitted). However, "the Court may not engage in credibility determinations or otherwise weigh the evidence at this stage." *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 576 (D. Minn. 2014).

In the case at bar, Plaintiff seeks an Order conditionally certifying this case as a collective action, for purposes of notifying all potential plaintiffs of the pendency of this lawsuit and to provide them with the opportunity to opt in. However, Plaintiff has already served substantial discovery in this case, which has been responded to by Defendants,

and notice of this pending matter indicating an opportunity to opt in has been sent by Plaintiff's counsel to all identified current and former employees of China Buffet.

Plaintiff argues that the Court is at the first stage of the two-stage process identified above. Although discovery is not "largely complete", Plaintiff has already been permitted to investigate and conduct discovery in order to identify other potential plaintiffs to join this suit. This case is therefore already long past the "notice stage", because Plaintiff and his counsel has already gained access to all the available information that they need in order to identify and offer the opportunity to former and current employees to join this action.

Even if the Court was to determine that this case is still at the notice stage, Plaintiff's burden at this stage is "not onerous," however, it also "is not invisible." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007); citing *Hipp,* 252 F.3d at 1218; *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862, 865 (S.D.Ohio 2005); *Brooks v. A Rainaldi Plumbing, Inc.,* No. 6:06–cv–631, 2006 WL 3544737, at *2 (M.D.Fla. Dec.8, 2006). Ultimately, "Plaintiffs must come forward with at least some evidence indicating that this is an 'appropriate case' for collective-action status." *Parker v. Rowland Express at* 1164.

## II. Plaintiff Has Not Shown That Any Similarly Situated Class Individuals Exist.

Plaintiff must establish a "colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 577 (D. Minn. 2014). Plaintiff argues that the Court should conditionally certify that "Plaintiffs and the similarly situated individuals work or have worked for China Buffet as restaurant workers as cooks, dishwashers, kitchen helpers, cold dish workers, and servers." Pl.Memo. p.4. A finding of a common decision, policy of plan "requires a showing that an employer's commonly applied decision, policy, or plan similarly affects the potential class members, and inflicts a common injury on plaintiffs and the putative class." *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 579 (D. Minn. 2014).

The only qualifications to meet Plaintiff's purported class request that Plaintiff has identified is that "China Buffet's restaurant workers all live together in a company dormitory, are all driven to and from work by the 'boss,' Chan Qin Lin, at the same time in the same van, all have the same working schedule, and are all paid in cash on the same payday." Pl.Memo. p.4.

Plaintiff has not identified any "single decision, policy, or plan" by which these individuals are similarly situated. Rather Plaintiff seeks to certify every person who has

worked for Defendants as a part of the class. "A colorable basis means that plaintiffs must come forward with something more than the mere averments in their complaint in support of their claim." *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 578 (D. Minn. 2014).

Plaintiff argues that the standard is easily met for all people who have worked at the restaurant, by four similarities: first, that they worked in the same restaurant; second, that they had the same hours and were driven to and from work; third, that they were paid a flat monthly rate; and fourth, that nobody kept track of their hours. This is not a single decision, policy or plan with sufficient definition to certify a class.

It is not a common injury to work at the same restaurant. It is not a common injury to work the same shifts and to be driven to and from work. It is not a common injury to be paid in a flat monthly rate for your work. It is not a common injury that nobody kept track of their hours.

Plaintiff does not even allege that he was an hourly worker, which is a requirement for the claim that he brings. In *Harris v. Chipotle*, the Court found that a putative class had been identified only when the Plaintiff "presented evidence of a common policy to require hourly-paid employees to work off the clock, and without pay, during closing shifts… [and] Plaintiffs are all current or former hourly-paid employees of Defendant who worked the closing shift and claim to have been the victims of that policy." *Harris v. Chipotle, at* 579.

In the case at bar, Plaintiff has not presented evidence that any of the purported class were hourly-paid employees, or that they were forced to work off the clock, or for time without pay. That is simply not the pay structure or terms of employment that these China Buffet employees had agreed to.

Lastly, excluded from Plaintiff's analysis is the fact that he and Ms. Sun had failed or refused to provide the appropriate tax payer identification information to Defendants and requested to be treated as contract labor. Defendants have provided to Plaintiff the W-2 documentation for all other employees, and for this reason alone, Plaintiff, and Ms. Sun, are dissimilar from any of the other employees of Defendant.

**III. Plaintiff Has Not Identified Any Individual Interested In Opting In.**

This is not an "appropriate case" for collective-action status because Plaintiffs have not proffered evidence that other similarly situated individuals desire to opt in. In *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562 (11th Cir.1991), the Eleventh Circuit held that a district court "should satisfy itself that there are other employees ... who desire to 'opt-in' " before conditionally certifying a collective action. *Id.* at 1567.

Although the Eighth Circuit has not addressed this issue, the Court in *Parker* agreed with *Dybach* and concluded that, before a conditional-certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly

situated individuals desire to opt in to the litigation. In the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an "appropriate case" for collective-action treatment. "Others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." *Parker v. Rowland*, 492 F. Supp. 2d at 1165 (D.Minn. 2007).

Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. And, if those other, similarly situated persons were to decline to opt in to the case, no purpose would have been served by "certifying" a collective-action "class"—the case ultimately would involve no one other than the plaintiff.

Furthermore, if an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would:

> "render preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every ... employee[ ]. This is, at best, an inefficient and overbroad application of the opt-in

> system, and at worst it places a substantial and expensive burden on a defendant.... More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

*Parker v. Rowland,* 492 F.Supp.2d at 1165; *citing Smith v. Sovereign Bancorp, Inc.,* No. Civ. A. 03–2420, 2003 WL 22701017, at *2 (E.D.Pa. Nov.13, 2003) (citations omitted); *see also West,* 2006 WL 1892527, at *7 ("neither the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if we were to overlook facts which generally suggest that a collective action is improper").

In this case, Plaintiff had identified only Ms. Sun as a purported plaintiff wishing to opt-in. Other than Ms. Sun, Plaintiff has had the contact information, names, and ability to communicate with all of the previous employees for two months. No other individuals have been presented to the Court by Plaintiff and identified as parties interested in joining this litigation.

## IV. MEI RONG SUN'S "OPT-IN" IS SUSPECT

It is suspect of Plaintiff to argue that his former girlfriend, Ms. Sun, whom Plaintiff himself recruited to work for Defendants, wishes to opt-in. Ms. Sun was not identified in Plaintiff's initial disclosures, nor were any of the other individuals disclosed

to Defendants, that Wang identified in his affidavit as part of his motion. Likewise, China Buffet has no record of Ms. Sun being employed.

Plaintiff clearly had contact with Ms. Sun and she is now represented by Plaintiff's attorneys. Ms. Sun was readily identifiable to Plaintiff and his counsel at the outset of this case, but was intentionally not joined as a named plaintiff at the outset of the case specifically for the purpose of presenting her at this motion stage as an individual wishing to opt in.

Plaintiff and his counsel should not be permitted engage in gamesmanship and present Ms. Sun as a new individual wishing to opt into this litigation as a façade for meeting conditional class certification requirements. Neither the remedial purposes of the FLSA, nor the interests of judicial economy would be advanced based on the facts presented at bar, which clearly demonstrate that this matter is not proper as a collective action.

## CONCLUSION

For these reasons, Defendants respectfully request that the court refuse and deny Plaintiff's request for conditional class certification.

Dated: June 29, 2018

**PARKER & WENNER, P.A.**

s/ Jordan W. Anderson
Boris Parker Reg. No. 291316
Jordan W. Anderson Reg. No. 391837
100 South Fifth Street, Suite 2100
Minneapolis, MN 55402
Tel: (612) 255-2200
Fax: (612) 255-2210
Email: boris@parkerwenner.com
jordan@parkerwenner.com
*Attorneys for Jessy Corp. d/b/a China Buffet, Chang Qin Lin a/k/a Jim Lin, And Joyce Zheng*