# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| YAN MING WANG | Civil No. 17-5069 (JRT/HB) |
| on behalf of himself and other similarly situated employees, | |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CLASS CERTIFICATION** |
| v. | |
| JESSY CORPORATION<br>    d/b/a China Buffet,<br>JOHN DOE CORPORATION<br>    d/b/a China Buffet,<br>CHANG QIN LIN<br>    a/k/a Jim Lin,<br>NGAI FAT MEI, and<br>JOYCE ZHENG | |
| Defendants. | |

Rachhana T. Srey, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402; John Troy and Aaron B. Schweitzer, **TROY LAW, PLLC**, 41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355, for plaintiff.

Boris Parker and Jordan W. Anderson, **PARKER & WENNER, P.A.,** 2100 Fifth Street Towers, 100 South Fifth Street, Suite 2100, Minneapolis, MN 55402, for defendants.

Plaintiff Yan Ming Wang brings this action against his former employer, Defendant Jessy Corp., d/b/a China Buffet ("China Buffet"), alleging violations of the Fair Labor Standards Act ("FLSA") and various Minnesota wage and overtime laws. Before the Court now is Ming Wang's second motion seeking to certify the case as a collective action

pursuant to 29 U.S.C. § 216(b). Because Wang has not adequately shown that there exist opt-in plaintiffs interested in joining his case, the Court will deny the motion without prejudice.

## BACKGROUND

The Court previously summarized Wang's allegations in its Order denying Wang's first motion to certify a conditional class and incorporates that factual background here. *See Yan Ming Wang v. Jessy Corp.*, 2018 WL 5617567, at *1-*2 (D. Minn. Oct. 30, 2018). Wang alleges that he and other China Buffet employees worked more than 40 hours per week and that China Buffet did not provide overtime pay for those overtime hours.

The Court denied Wang's first motion because Wang had not provided sufficient evidence that similarly situated employees existed, i.e. that other employees had also been denied overtime pay. Therefore, the Court found that Wang's case was not appropriate for collective action. Although the Court denied Wang's first motion, the Court noted that the motion had been brought at an early stage of discovery, and that it was possible that Wang would develop a stronger factual basis for certification with more time. Accordingly, the Court denied the motion without prejudice.

Wang now brings a second motion to certify a conditional class. (2nd Mot. to Certify, Feb. 15, 2019, Docket No. 48.) Most of the facts and allegations supporting the second motion are the same as those that supported the first motion. Wang does, however, submit the deposition transcript of Chang Qin Lin, the owner and operator of China Buffet. (Decl. of John Troy ¶ 3, Ex. D ("Lin Dep."), Feb. 15, 2019, Docket No. 49-4.) As relevant

to the present motion, Lin testified in his deposition on topics such as how he pays his employees and how many hours his employees work.  (*See id.* at 12-14.)  While Lin did not state that his employees work eleven-hour days, as Wang alleges, he did admit that the employees work eight hours a day for six days a week.  (*Id.* at 13-14.)  Lin also admitted that he does not provide overtime pay.  (*Id.* at 14-15.)  Additionally, Lin corroborated other aspects of Wang's complaint, including that China Buffet pays employees in cash, that Lin drives all of the employees to and from work, and that all of the employees live in Lin's house.  (*Id.* at 10- 12.)

Wang now argues that the Lin deposition, when combined with the complaint's allegations and the affidavits he previously provided, satisfy the standard for conditional certification.

## DISCUSSION

### I.    FAIR LABOR STANDARDS ACT

The FLSA permits an employee alleging wage and hour violations to assert claims on behalf of himself "and other employees similarly situated" by starting a collective action.  29 U.S.C. § 216(b).  The FLSA collective action process allows individuals to "opt-in" to a lawsuit started by someone else, but unlike class actions the outcome is not binding on those who do not opt-in.  *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 887 (N.D. Iowa 2008)  The purpose of the FLSA collective action is to provide plaintiffs with "the advantage of lower individual costs to vindicate rights [through] the pooling of resources."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Providing notice to potential plaintiffs of the collective action is a vital part of the FLSA collective action process. *See id.* at 170. Because of this, courts are encouraged to "monitor[] preparation and distribution of the notice" to "ensure that it is timely, accurate, and informative." *Id.* at 172.

Before providing court authorization for any notice, however, courts in this District must look at the facts of the case and determine whether to conditionally certify it for collective action treatment. To determine whether a case should be certified under the FLSA, courts typically employ a two-step process. *Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007). "First, the court determines whether the class should be conditionally certified for the purposes of notification and discovery." *Dege v. Hutchinson Tech., Inc.*, Civ. No. 06–3754, 2007 WL 586787, at *1 (D. Minn. Feb. 22, 2007). At this stage, a plaintiff need only establish that his or her proposed class is similarly situated—in other words, that there is a "colorable basis for [his or her] claim that the putative class members were the victims of a single decision, policy, or plan." *Dege*, 2007 WL 586787, at *1.

The first stage is often referred to as the "'notice stage'" because the inquiry focuses on "'whether notice of the action should be given to potential class members.'" *Loomis v. CUSA LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). At the notice stage, "[t]he court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties." *Dege*, 2007 WL 586787, at *2. Rather, "[i]n determining whether plaintiffs have met their initial burden, courts rely on the complaint and any

affidavits that have been submitted." *Sjoblom v. Charter Commc'ns, LLC*, 571 F. Supp. 2d 961, 967-68 (W.D. Wis. 2008) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). "'Because the court has minimal evidence, this [notice] determination is made using a fairly lenient standard,'" and "[p]laintiff's burden at this stage is not onerous." *Loomis*, 257 F.R.D. at 676 (quoting *Hipp*, 252 F.3d at 1218).

After discovery, the court conducts the second stage of inquiry, which involves considering "'the extent and consequences of disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and other fairness and procedural considerations.'" *Burch*, 500 F. Supp. 2d at 1186 (quoting *Dege*, 2007 WL 586787, at *2). "At this later stage, the court uses a stricter standard for determining whether the plaintiffs are similarly situated and reconsiders whether the trial should proceed collectively or if it should be severed." *Kalish v. High Tech Inst., Inc.*, Civ. No 04-1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005).

While the second stage of analysis is generally reserved until after discovery, there are times when a court may apply the more stringent standard before discovery is completed; however, this is limited to situations where "there has already been extensive discovery or [where] a significant number of potential plaintiffs have already filed consent forms to join the lawsuit." *In re RBC Dain Rauscher Overtime Litigation*, 703 F. Supp. 2d 910, 964 (D. Minn. 2010) (internal quotations omitted).

## II. ANALYSIS

Wang seeks conditional certification of a collective action and authorization of notice to "all current and former employees of Jessy Corporation d/b/a China Buffet . . . who performed work as non-exempt, non-managerial restaurant workers from November 9, 2014, to the present." (Decl. of John Troy ¶ 3, Ex. F at 1, Feb. 15, 2019, Docket No. 49-6.)

### A. First or Second Stage Analysis

The Court must first decide whether to apply the more lenient first stage analysis or the stricter second stage analysis. China Buffet, as it did previously, argues that the second stage inquiry is appropriate. Once again, the Court disagrees. It is true that discovery has been ongoing for over a year now, and that Wang has remained inactive during most of that period. It is also true that discovery has been conducted since the Court's order on the previous motion, including the depositions of Lin and Wang. Nevertheless, Wang has not provided the Court with a large number of opt-in plaintiffs, and significant discovery has not yet been conducted. The Court does not find that the depositions of Wang and Lin materially change its earlier analysis of this issue and will therefore apply the more lenient first stage analysis. *See Kalish*, 2005 WL 1073645 at *2 (refusing to apply second stage analysis even though the discovery deadline was 2 weeks away, depositions had been taken, and the case had been pending for almost a year).

### B. Similarly Situated Employees

Applying first stage analysis, the Court must decide whether Wang has adequately

shown that similarly situated employees exist such that his case is appropriate for conditional certification.

As noted above, the Court denied Wang's first motion because the Court found that Wang had not shown that his proposed class was similarly situated. The Court held that Wang adequately alleged that his class was similarly situated in the abstract but took issue with the fact that Wang had "submitted very little proof that other employees were denied overtime in the same manner as he and Sun were." *Yan Ming Wang*, 2018 WL 5617567, at * 4. The Court was unsatisfied with Wang's general allegations and attestations that there were other employees who worked at China Buffet and who were denied overtime, and "[w]ithout some additional factual assurances that other employees at China Buffet were denied overtime," was unwilling to conditionally certify a class that did not clearly exist. (*Id.*)

Wang asserts that he has cured the defect identified by the Court. On top of the evidence previously presented, such as Sun and her affidavit, Wang argues that the deposition testimony of Lin adequately shows that similarly situated employees exist. The Court agrees. Lin, the owner and manager of China Buffet, testified extensively about the working conditions at China Buffet. Not only did he confirm many of the details that Wang highlights in his complaint, such as the fact that all of the employees live in one building and are driven to the China Buffet together, he also confirmed that China Buffet has no overtime policy, yet his employees consistently work at least 48 hours a week. The Court is satisfied that "there actually exists a similarly situated group of potential plaintiffs." *Trezvant v. Fid. Emplr. Servs. Corp.*, 434 F. Supp. 2d 40, 44 (D. Mass. 2006).

C.      **Interested Opt-In Plaintiffs**

Finally, China Buffet argues that the Court should not certify Wang's proposed class because, even if he has shown that similarly situated employees exist, he has not adequately shown that anyone is interested in joining his case.[1]

"Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." *Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005). The Court should take into consideration concepts like judicial economy and the "substantial and expensive burden" placed on defendants where a class has been certified. *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (citing *Smith v. Sovereign Bancorp, Inc.*, Civ. No. A. 03–2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov.13, 2003)).

China Buffet argues that the Court should, in determining whether a case is an appropriate one for certification, consider the extent of demonstrated interest in joining the class from similarly situated employees. In essence, China Buffet argues that the Court should be satisfied that willing "opt-in" plaintiffs exist.

Courts are divided on whether they should require a plaintiff to demonstrate such interest. The Eleventh Circuit was one of the first to hold that "the district court should

---

[1] China Buffet made this same argument prior to the Court's ruling on the first motion. Because the Court held that Wang failed to show similarly situated employees existed, the Court did not address the issue.

satisfy itself that there are other employees of the []employer who desire to 'opt-in'" before

conditionally certifying a given class. *Dybach v. State of Fla. Dept. of Corrections*, 942

F.2d 1562, 1567 (11th Cir. 1991). On the other hand, some courts have argued that

requiring evidence of opt-in interest before a case is conditionally certified imposes a

burden that conflicts with the very purpose of the FLSA conditional certification process.

*See, e.g.*, *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002) (criticizing the

*Dybach* decision); *Govan v. Whiting-Turner Contracting Co.*, 146 F. Supp. 3d 763, 768–

69 (D.S.C. 2015) (collecting cases both supporting and disagreeing with *Dybach*).

    The Eighth Circuit has not addressed the issue one way or the other. However,

courts in this District have followed *Dybach* in requiring opt-in interest before conditional

certification is granted. For instance, the court in *Parker v. Rowland Express, Inc.* required

a showing of interest because, without it, "there would be no basis upon which the Court

could conclude that the action was an 'appropriate case' for collective-action treatment,"

and because "no purpose would have been served by 'certifying' a collective-action 'class'

that no one ultimately joined." 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007). The *Parker*

court further stated that requiring a plaintiff to merely allege that other plaintiffs exist in

the abstract would "render preliminary class certification automatic, as long as the

Complaint contains the magic words: 'Other employees similarly situated.' Under this

rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as

long as her complaint is well-pled, receive preliminary class certification." *Id.* (quoting

*Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *2). The *Parker* court also noted that "an

FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." *Id.* at 1166.

The court in *Chin v. Tile Shop, LLC* adopted the holdings of *Dybach* and *Parker* and also required evidence of opt-in interest before conditional certification could be granted. 57 F. Supp. 3d 1075, 1090 (D. Minn. 2014). The *Chin* court clarified, though, that a plaintiff's burden in this regard is not onerous, that "courts in this District and the Eighth Circuit have not required a threshold percentage of opt-ins for conditional certification," and that opt-in interest may be sufficiently demonstrated by as few as one or two plaintiffs. *Id.* at 1091. Therefore, while courts in this District require some evidence that individuals want to join a given class, there is no numerical baseline that plaintiffs must meet to satisfy this requirement. Instead, whether a plaintiff has shown sufficient opt-in interest is necessarily a case-specific inquiry that will turn on case-specific facts.

Applying these principles to this case, the Court finds that Wang has not met his burden to demonstrate sufficient opt-in interest at this time. Wang has identified a single opt-in plaintiff. The Court has found no cases in which conditional certification was granted based on so little identified interest. Indeed, the *Parker* court denied certification where there were two named plaintiffs but no opt-in plaintiffs. In contrast, the *Chin* court granted certification where the plaintiff had found four opt-in plaintiffs. Likewise, certification was granted in another District of Minnesota case, *Lyons v. Ameriprise Fin., Inc.*, where the plaintiff had identified nine opt-in plaintiffs. Civ. No. 10-503, 2010 WL 3733565 at *5 (D. Minn. Sept. 20, 2010).

Despite this, Wang asks the Court to certify a class even though he has only identified one interested opt-in plaintiff, who happens to be a member of his family. Of course, the small number of employees that make up Wang's potential class undoubtedly makes it harder for Wang to build sufficient interest in this case. The Court is also well aware of the assortment of additional issues Wang faces, including that he no longer lives in Minnesota and that most of the China Buffet employees he seeks to represent are related to or friends with Lin and his wife. But the Court must ensure itself that this case is appropriate for certification before placing additional expense and burden on China Buffet. And it remains unclear to the Court that anyone—outside of Sun—wants to join Wang's lawsuit. Accordingly, the Court does not believe that this case is appropriate for conditional certification at this time.

## III.    ADDITIONAL DISCOVERY

The Court denied Wang's first motion for conditional certification without prejudice because discovery had not yet finished, and it was possible that Wang would strengthen his case before it did. The parties and Magistrate Judge Hildy Bowbeer, recognizing that Wang would likely bring a second motion for conditional certification, thereafter created an amended scheduling order. (Am. Pretrial Scheduling Order, Dec. 13, 2018, Docket No. 42.) Under the amended scheduling order, fact discovery will not finish until 30 days after this order is filed. (*Id.* at 3.) This case, therefore, sits in the same procedural posture it did when the Court considered the first motion, with some fact discovery remaining.

Because some fact discovery remains, and because the Court finds it conceivable that Wang could gather additional opt-in interest from other employees, the Court will deny the current motion without prejudice. However, while the Court would hear another motion for conditional certification should Wang fix the deficiencies identified in this order, the Court is also conscious of the fact that Wang has now had over a year to develop his case. Accordingly, the Court does not find that significant additional time for discovery and a third motion for certification is warranted. The Court will therefore order that both parties be given 60 days from the date of this order to conduct additional fact discovery. Additionally, because the issues surrounding conditional certification are well established and—at this point—relatively specific, the Court will order that Wang be given 10 days from the close of fact discovery to file any renewed motion for conditional certification. If the Court were to grant a third renewed motion and conditionally certify a class, the Court would at that point amend the scheduling and discovery order as necessary.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Plaintiff Yan Ming Wang Wang's Second Motion to Certify a Conditional Class [Docket No. 48] is **DENIED WITHOUT PREJUDICE;**

2. Wang and the China Buffet Defendants shall submit a joint letter to Magistrate Judge Hildy Bowbeer within 14 days of the filing of this order, setting forth proposed discovery and motion deadlines in accordance with the Court's order.

DATED:  August 6, 2019
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court