## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

YAN MING WANG,                                    Case No:17-cv-05069-JRT-HB

                              Plaintiff,

v.

JESSY CORPORATION, et al.,

                              Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR
## SUMMARY JUDGMENT

_____

## INTRODUCTION

Plaintiff brings this action against his former employer alleging violations of the Fair Labor Standards Act ("FLSA") and the pendant Minnesota statute related entirely to his claim for unpaid overtime. At the outset of this case, Plaintiff moved to certify the case as a collective action, which was denied by the Court on October 30, 2018 (Doc. 40). Plaintiff submitted an affidavit of Mei Rong Sun as a proposed "opt-in" plaintiff and sought a second time to certify a class, which was again denied by the Court on August 6, 2019 (Doc. 76). The proposed additional plaintiff Mei Rong Sun has not served any pleading or joined this case, and the deadline to amend or to add parties expired on October 18, 2019. Because no class was ever certified, and the deadline to bring another motion for class certification has passed, the only Plaintiff in the case is Yan Ming Wang.

Plaintiff worked intermittently for Defendants as a chef in a restaurant called China Buffet in Mankato from 2014 through September 20, 2015, where he was paid a flat monthly rate, and provided room and board. Plaintiff filed this case on November 9, 2017. The statute of limitations for general violations of overtime laws is two years. Plaintiff's claims are time-barred.

Plaintiff cannot provide any evidence that he was in fact an employee entitled to overtime pay. Plaintiff has held himself out as an independent contractor, self-employed, and unaffiliated with any employer ever since he arrived in the United States in 2012. Plaintiff also cannot provide any evidence to corroborate his claimed hours worked for which he seeks overtime compensation, and additional statutory damages. Plaintiff's testimony is not consistent with the positions he has taken in this case, and Plaintiff has failed to produce the notebook from which he claimed to have originally calculated his unpaid wages. Plaintiff does not intend to offer anything more than estimates from his own memory to support his claimed hours and unpaid wages over the course of 2014 – 2015.

Defendants now move for summary judgment.

## UNDISPUTED FACTS

Plaintiff has been self-employed and has never received a W-2 from any of his employers since his arrival in America in 2012. (Wang Depo., 79:6). At every employer

he has worked for since that time, Plaintiff has negotiated the rate of pay, on a flat, monthly rate, and was paid in cash, and with Defendants and some of his other work, that rate included room and board as well. (*Id.* at 79:10-15, 44:19, 51:16, 52:20, 53:2-9, 86:15-87:1). In his 2014 taxes, Plaintiff submitted a 1099 from his wife's boss, for work that he did not do, instead of reporting work for which he was paid cash. (*Id.* at 58:6-21).

Defendants are a small Chinese buffet restaurant located in Mankato, Minnesota; there are no franchises or additional store-front operations, and the business is limited to the one location and less than ten employees. (Affidavit of Lin, ¶20.) Plaintiff claims in this matter that he is entitled to overtime pay and was not paid overtime pay in violation of the FLSA and Minnesota Statutes, for two separate time periods he claims to have worked for Defendants at the Mankato China Buffet as a fry cook.

Plaintiff's 2014 and 2015 federal and state taxes show that he claimed to be living full time in Flushing, New York, and that he and his wife together earned $20,000 in 2014, and $19,000 in 2015 reported to the federal government as self-employment "business income." (*See* Aff.JWA, Exhibit 2, Plaintiff's Tax Returns, 2014, 2015 (Doc. 70-2)).   No W-2 earnings were reported by Plaintiff in 2014 or 2015, during the time he claims to have been an employee for China Buffet.

Plaintiff also has or had a "little notebook" in his possession, which he identified for the first time in his deposition, which has not been produced in this case. (Wang Depo., 5:16-25). This notebook allegedly contains Plaintiff's notes related to his work at

3

China Buffet. (*Id.* at 6:1-5). The notes allegedly include how many hours Plaintiff worked and how much pay he received. (*Id.*) The notes were allegedly taken by Plaintiff contemporaneously or at around the time that the hours were worked and the payments were received. (*Id.*) Plaintiff used the notebook and referenced the notebook in calculate his claimed hours in this case, including the drafting of the Complaint. (*Id.* at 100:2-14). The notebook was specifically requested in Plaintiff's deposition on the record. (*Id.* at 102:5-7).

On March 16, 2019, after the Court ordered Plaintiff to the personal notebook (Doc. 64), Plaintiff signed an affidavit stating, "I have to tried to find my notebook in the trunk I thought I left it in and elsewhere, but I cannot find it. I did not intentionally misplace the notebook or try to hide it. The notebook was simply lost over time." *See* Aff.JWA, Exhibit 3 (Doc. 70-3).

In the Complaint, Plaintiff pleaded that the last date of his work for Defendants was September 30, 2015. *See* Complaint, ¶41. In his subsequent affidavit, Plaintiff attested that his last day was September 20, 2015, which he also confirmed in his deposition. *See* Affidavit of Wang filed June 19, 2018, ¶3 (Docket No. 30); *see also* Wang Depo., 65:23 – 66:7. Plaintiff was paid a flat monthly rate from Defendants. *See* Complaint, ¶37 – 41; *see also* Wang Depo., 86:17 – 87:25. Plaintiff was paid on the last day of each month. *See* Lin Depo., 42:22-25.

This case was commenced by the filing of the Complaint on November 9, 2017. *See* Complaint, Docket No. 1. Plaintiff has alleged that Defendants "willfully" violated the overtime statutes

## LEGAL ARGUMENT AND AUTHORITY

### I.   SUMMARY JUDGMENT STANDARD OF REVIEW.

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a).  Courts must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). However, summary judgment procedure is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cty. Of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported

motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

In this case, Plaintiff makes two counts against Defendants. The first count is for unpaid overtime in violation of the Federal Fair Labor Standards Act (29 U.S.C. § 207), which is governed by the statute of limitations stated in 29 U.S.C. § 255. Plaintiff's second count is for unpaid overtime in violation of the Minnesota Fair Labor Standards Act (Minn.Stat. § 177.25) which is likewise governed by the statute of limitations as stated in Minn.Stat. § 541.07(5). Each of these statutes provides that a claim for unpaid overtime wages must be commenced within two years of accrual of the cause of action, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255; Minn.Stat. § 541.07(5).

### a.   This Case was Not Commenced within Two Years of Any Claim for Unpaid Wages.

A cause of action for unpaid overtime compensation " 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends," and "an action to enforce such a cause of action shall be considered to be 'commenced' ... [i]n individual actions, on the date the

6

complaint is filed." *Longlois v. Stratasys, Inc.*, 88 F. Supp. 3d 1058, 1080 (D. Minn. 2015), *citing*  29 C.F.R. § 790.21(b)(1).

In this case, Plaintiff pleaded that the last date of his work for Defendants was September 30, 2015. *See* Complaint, ¶41. In his affidavit, Plaintiff attested that his last day was September 20, 2015, which he also confirmed in his deposition. *See* Affidavit of Wang filed June 19, 2018, ¶3 (Docket No. 30); *see also* Wang Depo., 65:23 – 66:7. Plaintiff was paid a flat monthly rate. *See* Complaint, ¶37 – 41; *see also* Wang Depo., 86:17 – 87:25. Plaintiff was paid on the last day of each month. *See* Lin Depo, 42:22-25. Therefore, the last possible date that any cause of action for unpaid overtime wages could have accrued for the Plaintiff is September 30, 2015.

This case was commenced by the filing of the Complaint on November 9, 2017. *See* Complaint, Docket No. 1. Because November 9, 2017 is 39 days more than two years after the last possible date for the accrual of the Plaintiff's claims, all of Plaintiff's claims are barred by the statute of limitations.

### b.  The Three-Year Exception to the Statute of Limitations is Not Available to the Plaintiff.

The applicable Federal statute of limitations provides that any claim for unpaid overtime wages must be "commenced within two years of accrual of the cause of action, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation

may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255. Minnesota likewise provides that the statute of limitations may be up to three years, if "the nonpayment is willful and not the result of mistake or inadvertence." Minn.Stat. § 541.07(5).

The United States Supreme Court has long held that for three-year limitations period applicable to actions arising out of "willful" violations of Fair Labor Standards Act to apply, courts examine "willfulness" as articulated in *Trans World Airlines, Inc. v. Thurston*, 496 U.S. 111 (1985). *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Under that standard, the Plaintiff must show that employer either knew or showed reckless disregard as to whether its <u>conduct</u> was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Under the *Thurston* standard, an employer cannot be held to have "willfully" violated a labor statute simply because the employer knew of the statute's existence, or the potential applicability of the statute, because "a standard that merely requires that an employer knew that the FLSA 'was in the picture' virtually obliterates any distinction between willful and nonwillful violations." *Id.,* at 132-133. Therefore, the Supreme Court stated that a violation is "willful" only if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *Trans World Airlines, Inc. v. Thurston*, 496 U.S. 111 (1985). "The burden of establishing willfulness rests on employees." *Fenton v. Farmers Ins. Exch.*, 663 F. Supp. 2d 718, 728 (D. Minn. 2009).

In his Complaint, Plaintiff alleged that "Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation." Complaint ¶44. Aside from this bald assertion, Plaintiff has not provided or uncovered any evidence that Defendants knew or recklessly disregarded the FLSA overtime requirements. To the contrary, Plaintiff testified that he sought and negotiated a flat monthly rate from Defendants which would include room and board. (Wang Depo. 61:1 – 11; 86:6 – 87:10). Plaintiff never asked for overtime pay, and instead negotiated a raise for himself. (*Id.* 87:11 – 89:20). Plaintiff has never received a W-2 from any of his employers since his arrival in America in 2012. (*Id.* 79:6). At every employer he has worked for since that time, Plaintiff has negotiated the rate of pay, on a flat, monthly rate, and was paid in cash, and with Defendants and some of his other work, that rate included room and board as well. (*Id.* at 79:10-15, 44:19, 51:16, 52:20, 53:2-9, 86:15-87:1). In his 2014 taxes, Plaintiff reported himself as self-employed, and submitted a 1099 from his wife's boss, for work that he did not do, instead of reporting his income from Defendants. (*Id.* at 58:6-21). Plaintiff's tax filings from 2014 and 2015 reveal that Plaintiff did not claim any of the money he earned from Defendants. (*See* Aff.JWA, Exhibit 2, Plaintiff's Tax Returns, 2014, 2015(Doc. 70-2)).

Plaintiff was paid a flat, monthly compensation which Plaintiff himself negotiated, and renegotiated. Plaintiff was issued a 1099 tax form and never provided any W2 form to Defendants. Plaintiff and Defendants each thought the arrangement was categorically as an independent contractor relationship. Plaintiff has provided absolutely no evidence

of any willfulness. A party opposing a properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). In this case, there is no evidence to support the claim of willfulness, and the statute of limitations precludes all of Plaintiff's claims.

### III.   PLAINTIFF CANNOT SUPPORT HIS CLAIMED STATUS AS AN EMPLOYEE WITH ANY EVIDENCE.

Each of Plaintiff's claims in this case requires the Plaintiff to prove that he was hourly employee, and not an independent contractor. The FLSA states that "no employer shall employ any of his employees ... for a workweek longer than forty hours" without paying one-and-one-half times the regular rate for any excess hours. 29 U.S.C. § 207. The critical issue is whether Plaintiff was an employee of Defendants, as opposed to an independent contractor. Like many federal statutes, the FLSA defines "employee," in circular fashion, as "any individual employed by an employer." § 203(e)(1). FLSA wage and hour requirements do not apply to independent contractors. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). However, the "ultimate question of whether the plaintiff was an employee for FLSA purposes remains an issue of law." *Karlson v. Action Process Serv. & Private Investigations, LLC*, 860 F.3d 1089, 1094 (8th Cir. 2017)

As discussed above, Plaintiff's tax returns demonstrate what the Plaintiff identified as his source of income, and whether he claimed he was an hourly employee or an independent contractor to the IRS. Plaintiff's representations to the IRS in his tax filings are in fact sworn statements made to the Federal Government. Although Plaintiff's contemporaneous sworn representations to the IRS may not be dispositive of whether Plaintiff was an employee or independent contractor as a matter of law, he cannot escape the consequences of his prior sworn statements by simply submitting self-serving testimony without evidence to the contrary.

A "properly supported motion for summary judgment is not defeated by self-serving affidavits.' " *Bacon v. Hennepin County Med. Ctr.,* 550 F.3d 711, 716 (8th Cir.2008) (quoting *Gander Mountain Co. v. Cabela's, Inc.,* 540 F.3d 827, 831 (8th Cir.2008)). "Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Id.* (internal quotations and citation omitted). The Eighth Circuit has previously "held that the plaintiff did not create a genuine issue of material fact simply by submitting an affidavit that contradicted testimony at a prior deposition, where there were no 'legitimate reasons' for the filing of an inconsistent affidavit." *Roberts v. Park Nicollet Health Serv.,* 528 F.3d 1123, 1126 (8th Cir.2008) (quoting *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1365 (8th Cir.1983)). This is because if a sworn statement "can be abandoned many months

later by the filing of an affidavit, probably no cases would be appropriate for summary judgment." *Id.* (quoting *Camfield,* 719 F.2d at 1365).

In this case, Plaintiff cannot offer some "legitimate reason" for claiming self-employment when he filed his taxes, and now seeks to assert he was in fact an employee. Plaintiff's tax filings for 2014 and 2015 do not reflect that he worked for Defendants in this matter. *See* Aff.JWA, Exhibit 2, Plaintiff's Tax Returns, 2014, 2015 (Doc. 70-2). Instead, Plaintiff admitted to filing income pursuant to a false 1099 statement issued by his wife's employer in 2014, for work that he did not do, instead of reporting work for which he was paid cash. (Wang Depo. at 58:6-21).  In his 2014 and 2015 tax filings, Plaintiff claims that he lived full time in New York and reports his income to the federal government as self-employment "business income."   *Id.* Ex. 2. Plaintiff testified that he has never reported any W-2 income during any of 2012-2018 tax years.  (*Id.* at 41:9-20, 79:6). Everywhere Plaintiff has previously worked, he has negotiated the rate of pay, on a flat monthly rate, and was compensated in cash and room and board if the job was out of state.  (*Id.* at 79:10-15, 44:19, 51:16, 52:20, 53:2-9, 86:15-87:1). With this factual record of testimony from Plaintiff to the independent contractor status of his engagement, as well as the unanimous support of all the documentary evidence showing that Plaintiff was an independent contractor, the Plaintiff cannot create any fact issue with any competent evidence that he was anything other than an independent contractor with Defendants.

## IV.    PLAINTIFF CANNOT SUPPORT HIS CLAIMED OVERTIME HOURS WITH ANY EVIDENCE.

In this case, Plaintiff seeks damages stemming entirely from his claim that he worked in excess of the 40 or 48 hours per workweek as defined by statute and was not compensated at an additional hourly rate of 150% regular hourly pay. Under the FLSA, "[a]n employee who sues for unpaid overtime 'has the burden of proving that he performed work for which he was not properly compensated.' " *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). However, "[i]f an employer has failed to keep records, employees are not denied recovery under the FLSA simply because they cannot prove the precise extent of their uncompensated work." *Id.* Under this relaxed standard of proof, the burden shifts to the employer if an employee offers "sufficient evidence to show the amount and extent of [uncompensated] work as a matter of just and reasonable inference." *Id.* (quoting *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013)).

Plaintiff has failed to substantiate any hours which he claims to have worked in excess of the statutory minimum, regardless of whether he was an hourly employee or not. When asked in his deposition what this lawsuit is about, Plaintiff testified "I want to sue him about his overtime request, and he make us work 12 hours a day and sometimes 13 hours." Wang Depo. 38:12-16. Plaintiff has never been any more precise about how many hours he seeks compensation for than this statement.

In Plaintiff's Initial Disclosures, Plaintiff stated that "Plaintiff is unable to calculate damages at this time without conducting discovery. Discovery is continuing." *See* Plaintiff's Initial Disclosures ¶C. Following up, Defendant's Interrogatory No. 15 instructed Plaintiff to describe "in detail, and not in summary fashion, a precise calculation of all hours worked, all past wage loss and damages, which you allege are owed to you in this case, by date and dollar amount," which Plaintiff objected to asserting that "Plaintiff previously provided a damages calculation as part of his initial disclosures in this matter. … Plaintiff directs Defendants to the attached damages calculation. Plaintiff reserves the right to amend, modify and supplement this response." *See* Declaration of JWA, Ex. 4, Plaintiff's Answers to Defendant's Interrogatories, No. 15.

Defendants then referred to the Plaintiff's purported damages calculation, which was marked as "for Settlement Purposes" and had a small table of purported hours worked by Plaintiff. *See* Wang Depo. Ex. 9 (Dec. JWA, Ex. 5). This chart was produced to Defendants for the first time on January 7, 2019, and is identified as having been created by Plaintiff's attorney. *Id.* According to the attorney's summary table, Plaintiff intends to testify that he worked from 9:45 a.m. to 10:00 p.m. every Monday, Wednesday, Thursday, and Sunday, as well as from 9:45 a.m. to 11:00 p.m. every Friday and Saturday, totaling exactly 75.5 hours of work per week every week. Plaintiff's testimony does not fit his attorney's representations.

At Plaintiff's deposition on February 7, 2019, Plaintiff testified that he kept detailed records of the hours he worked each day in a "little notebook". (*Id.* at 5:16-25). Plaintiff testified that he used the notebook and referenced the notebook to calculate his claimed hours in this case, including the drafting of the Complaint, and in calculating Plaintiff's claimed damages which were produced to Defendants as part of the discovery responses served by counsel one month earlier. (*Id.* at 100:2-14).

According to Plaintiff's deposition testimony, this notebook contains Plaintiff's notes related to his work with Defendants in 2014 and 2015, including how many hours Plaintiff worked and how much pay he received. (*Id.*) The notes were taken by Plaintiff contemporaneously or at around the time that the hours were worked and the payments were received. (*Id.*)  Defendants demanded that the notebook be produced, as it had been used to corroborate Plaintiff's dates and hours of claimed work from 2014 and 2015, and ultimately Defendants moved the court to compel the production of the notebook. However, when Plaintiff was ordered to produce the notebook, he instead served an affidavit stating that, "The notebook was simply lost over time." Aff.JWA, Ex. 3. Plaintiff testified that he had kept the notebook from 2014 all the way through his deposition in February of 2019, which he claims to have recorded his work hours and pay received from Defendants. (Wang Depo. 6:1-8). Plaintiff even testified that he had turned over the notebook to his attorneys before filing this case. *Id.* 6:6-24. Because of this, Plaintiff intends to prove his work hours with absolutely no documentary evidence, and

15

has failed to come forward with any evidence of the actual hours he claims to have worked.

The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation. *ETrade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005) (Kyle, J., adopting reporting and recommendation of Boylan, Mag. J.) (citing *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004).

Plaintiff's failure to produce the notebook returns Plaintiff's claim of unpaid overtime directly back to the realm of unverifiable self-serving testimony.  The notebook should have been identified in Plaintiff's initial disclosures.   It should have been produced as responsive to at least four of Defendants' document requests, and identified and described in response to at least three of Defendants' interrogatories. Plaintiff preserved this notebook for over four years, and relied on it to initiate and pursue a federal lawsuit. Plaintiff hid it from Defendants and admitted its existence only under scrutiny in a deposition, then refused to produce it, and ultimately "lost" it when ordered to produce it. To this date, as discovery is closed, Plaintiff has not supplemented any discovery requests in order to state on what day or at what time he claims to have worked and was not paid. Plaintiff cannot be permitted to avoid summary judgment if the only evidence he intends to submit is a table created by his attorney, and his general

recollection that over the course of two years he had to work "12 hours a day and sometimes 13 hours."

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the court grant summary judgment on all claims by Plaintiff.

Dated: December 3, 2019                          **PARKER & WENNER, P.A.**


                                                 s/ Jordan W. Anderson
                                                 Boris Parker Reg. No. 291316
                                                 Jordan W. Anderson Reg. No. 391837
                                                 100 South Fifth Street, Suite 2100
                                                 Minneapolis, MN 55402
                                                 Tel: (612) 255-2200
                                                 Fax: (612) 255-2210
                                                 Email: boris@parkerwenner.com
                                                        jordan@parkerwenner.com

                                                 *Attorneys for Jessy Corp. d/b/a China Buffet,*
                                                 *Chang Qin Lin a/k/a Jim Lin, And Joyce Zheng*

17